# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

## No. 17-4707

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CALVIS MONTRELL ROBINSON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:06-cr-01322-TLW-5)

_____

Submitted:  April 19, 2018                        Decided:  June 6, 2018

_____

Before KING, WYNN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvis Montrell Robinson appeals from the district court's order revoking his supervised release and imposing a 30-month term of imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Robinson's sentence is plainly unreasonable. Although informed of his right to file a pro se supplemental brief, Robinson has not done so.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual ch. 7, pt. B (2016), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013).

A supervised release revocation sentence is procedurally reasonable if a district court considered the Chapter Seven advisory policy statements and the § 3553(a) factors it is permitted to consider in a revocation case. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if a sentence is found

procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439 (emphasis omitted).

We discern no error in the district court's decision to impose a 30-month term of imprisonment. The sentence is within the statutory maximum of 60 months and the advisory policy statement range based on Robinson's violations and criminal history. USSG § 7B1.4(a), p.s. The court adequately stated permissible reasons for the sentence and that it had considered the relevant § 3553(a) factors.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*